Avery, J.
These bills are filed tinder the act directing the mode of proceeding in chancery; Swan’s Statutes, 704, Sec. 16. They set forth judgments at law recovered against the company, further that after efforts made, they could not be collected by execution, and that the individual defendants are indebted to the company as stockholders upon their stock subscriptions. The principle has already been recognized by this Court, that a creditor’s bill will lie against a stockholder of an incorporated company, to compel him to pay over, to a judgment creditor, the amount of his subscription, which had not Before been paid to the company, (11 Ohio Rep. 273; 13,197;) and the authority of these cases we find no reason to deny. The creditor, in ordinary casés, may well treat the unpaid balance of stock, as a debt due to the company and proceed to subject it under the statute, as he would any other debt. The company could com *190 pel payment at law,, of the stockholder’s contract, according to the charter, when the necessities or the interest of the company should require this to be done. And if the company does not, by such means, or some other, provide funds' for payment, there seems no good reason why the judgment creditor should not have the remedy here sought. There may be cases, indeed, where the stockholder would be absolved in equity, from paying up his stock to the company, where he might enjoin them from proceeding against him, and. where, by a fraudulent combination between them and the judgment creditor, he might resist or enjoin the creditor. But if the company become embarrassed or insolvent, and unable any'further to pursue the object for which they united, either by fraud in the men chosen as managers, or by the occurrence of events which could not be controlled, no reason is thereby furnished to justify a violation of that contract, by which they.agreed to pay for services rendered in the prosecution of their work. And the company, after discovering that there was no longer any hope of succeeding in their enterprise, and that all they had expended must be lost, would have been still justified in collecting all their means for the discharge of debts already contracted. There was a moral obligation both upon the officers and. the stockholders to use the property and claims of the company, as far as they would reach, for the payment of the demands of creditors. And when the company cease to keep up their organization and abandon all action under the charter, a proceeding at the instance of the creditor becomes indispensible. In looking over the testimony in these cases, we do not discover any facts that should absolve the stockholders from paying the amount due on their subscriptions, for the benefit of the creditors, nor any fraud or conspiracy on the part of Complainants, which should deprive them of their rights as creditors.
An objection is urged against the judgments, upon which the proceedings are founded. But the objection cannot be allowed to prevail, in a case like the present; even if there were irregularities in these judgments, and fraud in giving *191 them., or mistake, by accident or otherwise, in the amount, it would constitute no defence, either in whole or in part, in cases. The judgments cannot be impeached, collaterally. tween the parties who had a legal right to fix the amount, it has already been done-; and nothing is left as against the debtors of the company, but to determine the amount due from them. But here, service has been made upon the company, and they are before the Court -as defendants.' And further, they have answered, and admitted the correctness of these judgments. Then, .supposing the liability of the defendants established, what principle shall guide the master in the reference to be made to him ?
When a company, as in this case, becoming insolvent, abandon all action under their charter, the original mode of making calls upon the stockholders, cannot be pursued. The debt, therefore, from that time, must be treated as due, without further demand.
Stockholders who have attempted to secure, by agreement, a privilege of paying up their stock subscriptions, in goods or otherwise, except in money, as contemplatd by the charter, will not be allowed the benefit of such stipulations: Such an agreement will be considered as a fraud upon other'stockholders, a'nd the amount due must be collected in money.
Although the stockholders were required to pay, at the time of subscription, five dollars on each share subscribed, still, in the opinion of the Court, the omission to pay that sum does not release them from the liability to pay up the subscription.
These are supposed to be all the’ points, necessary to be settled at the present time ; and the cases are remanded for further proceedings, to the Court in the county from whence they were brought.