JUDGE ROBERTSON
delivered the opinion oe the court:
An order drawn by Thos. S. Johnson on the appellee, R. L. Cobb, in favor of the appellant, George Hunter, having been duly presented for acceptance, Cobb, without indorsing an express acceptance, indorsed on it a calculation of the amount due, and paid a portion of it, *240 and afterwards refused to pay the residue, on the plea that he had never accepted beyond the amount of the drawer’s funds in his hands, and which he had paid.
This action seeks a judgment for the unpaid balance. The answer denied any acceptance for more than the appellee paid. The appellant demurred to the answer, on the ground that the indorsement implied an unqualified acceptance, and that the appellee was thereby estopped to deny its legal effect. The court, adjudging the petition insufficient, overruled the demurrer and dismissed the action.
Considering, as this court does, the order a legal bill of exchange, the first question for revision is, whether the petition is good. It not only alleges facts implying a general acceptance, but avers, also, an express agreement to pay the whole amount; and is, therefore, in our opinion, substantially good. The answer also traversing the allegation of unlimited acceptance, is deemed good. The indorsements, as made, only prima facie imply such unrestricted acceptance, which may, therefore, be denied and litigated.
The circuit court, therefore, ought to have overruled the demurrer and proceeded with a trial of the issue thus sufficiently made by the petition and answer.
But, after traversing the alleged acceptance, the last paragraph of the answer avers that the order was not stamped as required by act of Congress, and pleads that omission in bar of the action; and, to avoid difficulty on the return of the case to the circuit court, the question thus raised must now be decided by this court.
Congress had unquestionable power to raise revenue by a stamp act. And, to effectuate the end of the act, all means, loth “ necessary and proper,” were incidentally within the constitutional scope of congressional discre *241 tion. There was, therefore, implied power to prescribe the uses of stamps, and provide sufficient sanctions to insure abundant sales of them. And we might admit that, for this purpose, there was implied power to inflict some penalty for failing to use them as required. This might be a “ necessary ” expedient; and, being unprohibited by the Federal Constitution, might, in the constitutional sense, be also “ proper;” but, in that sense, no measure prohibited by the Constitution, or inconsistent' with its presiding spirit or conservative aim, can be “proper.” There can be no implied power to violate the Constitution, which is the only source of all the powers of Congress.
According to the test thus very briefly defined, and which must be the only true one, if there be any that is certain and infallible, we cannot admit that constitutionality of so much of the stamp enactment as provides that contracts made under State laws shall be void, and that no remedy prescribed by those laws for upholding or enforcing such contracts shall be available, unless the contract shall be stamped in the mode prescribed by Congress. It seems quite clear to us that no such expedient was either necessary or proper; and we feel sure that, if necessary as a mean adaptable to the end, it could not, in the only contradistinctive import of the copulated term “ proper,” be consistently held to be proper.
There can be no implied power in Congress to control contracts, or impair the legal obligation of contracts, made in a State according to her laws, deriving their obligation from them, and remediable only by them. If Congress can do this, its implied power must be limited only by its own discretion, undefined by the fundamental law, made for delegating and limiting all its powers for the security of the States and the people. We can see *242 no other organic theory which is either logical or safe, or consistent with the provisions and ends of the Federal Constitution, necessarily “ the supreme law of the land."
We are therefore of the opinion that no private contract or other writing is, in any degree, invalidated by the want of a stamp, and that no remedy upon it is essentially affected by the like cause.
Consequently, the fact pleaded in this case is no bar to the action.
Wherefore, the judgment is reversed, and the cause remanded for a new trial, according to the principles of this opinion.