LAMBERT *v.* WHITELOCK.

DEED.—REVENUE STAMPS.—To a suit for the purchase money of land, the defendant answered that the true consideration for the land was much more than that named in the deed, and that the grantor had caused the consideration to be stated in the deed at a less sum than the true amount, for the purpose of defrauding the government, and to render defendant's deed invalid.

*Held,* that the answer was no bar to the action.

APPEAL from the *Fayette* Circuit Court.

RAY, J.—Suit by appellee upon a promissory note. The appellant answered that the note was given as part of the consideration for the purchase of certain real estate; that the entire consideration for the purchase was the sum of $7,200; but that the appellee, designing to defraud the government of the *United States,* and to render the title to the property so sold to the appellant imperfect, fraudulently stated the consideration in the deed conveying the property at the sum of $4,000, and placed revenue stamps to that amount only upon said instrument. A demurrer was sustained to this paragraph. A trial was had, and finding and judgment rendered for appellee.

The act of congress requiring certain instruments to be stamped, of *June* 30, 1864, section 158, and the ninth section of the act of *July* 13, 1866, amending the former act, declares that any paper executed in violation of the terms

of the act "shall be invalid and of no effect: *provided*, that the title of a purchaser of land, by deed duly stamped, shall not be defeated or affected by the want of a proper stamp on any deed conveying said land by any person from, through, or under whom his grantor claims or holds title."

The answer, it will be observed, is in bar of the action; but it appears that although the statute declares, in general terms, all instruments executed in fraud of the law "invalid and of no effect," yet, in regard to conveyances so executed, validity is given to them for certain purposes. Thus the appellant can, by the terms of the law, sell and convey by proper deed, making a full and perfect title to the land. Without, therefore, questioning the power of congress to pass the law, we sustain the action of the court in holding the answer no bar to the action.

A question in regard to the proper taxation of costs is attempted to be raised in this court, but as no motion was made in the court below, and no such point is made by the abstract, we do not consider it.

The judgment is affirmed, with one per cent. damages and costs.

*J. C. McIntosh*, for appellant.

*B. F. Claypool*, for appellee.

