BENJAMIN G. GREEN *vs.* ALEXANDER H. HOLWAY.

The provisions of the U. S. St. of 1866, *c.* 184, § 9, that any person who shall make, sign or issue any instrument without being duly stamped, with intent to evade the provisions of the act, shall be subject to a penalty, and that " such instrument " shall be deemed invalid and of no effect, do not, construed in connection with the other provisions of the statute, render instruments, not duly stamped at first, absolutely void, without proof that the stamp was omitted with intent to defraud the revenue.

The provision of the U. S. St. of 1866, *c.* 184, § 9, that no instrument, not duly stamped as required by law, shall be admitted or used in evidence in any court until a legal stamp shall have been affixed thereto, applies only to courts of the United States.

CONTRACT on a written agreement, signed by the defendant under date of May 11, 1867, to buy a house from the plaintiff. The answer, among other defences, alleged that the writing " was not duly stamped." Trial in the superior court, before *Reed*, J., who made a report thereof, the material part of which was as follows :

" The plaintiff testified as a witness in his own behalf, and during his examination in chief produced the contract and testified to its execution by the defendant ; and it was then read by his counsel to the jury, without objection. Afterwards on cross-examination, the plaintiff testified, in substance, that the contract, at the time of its delivery, bore no stamp, but that he (under the instructions of his counsel) had, one or two days before the trial, affixed the stamp which it then bore, and cancelled it by writing thereon the defendant's initials. It was then objected by the defendant's counsel that the instrument was invalid and could not be used in evidence. The plaintiff contended that this objection came too late, as the paper had been read to the jury as before stated ; further contended that the omission to stamp the contract was inadvertent, and that the defendant, under his answer, could not avail himself of the want of a stamp, because he had not therein alleged a fraudulent omission of the stamp ; and further, asked leave to affix a stamp in the presence of the court. The judge ruled that the objection was open on the answer, and might be made ; and also sustained the objections taken by the defendant's counsel,

and declined to permit a stamp to be affixed as requested. Thereupon it was agreed that there was nothing remaining for the jury to pass upon, and by the direction of the court they returned a verdict for the defendant."

*C. M. Ellis*, for the defendant, was first called upon.

*I. D. Van Duzee*, for the plaintiff.

GRAY, J.    The true meaning and effect of the act of congress relating to stamps upon written instruments, under which this case arises, may be best reached by first considering the provisions of the previous acts, and the adjudged cases, upon the same subject.

The early stamp acts of the United States went no further than to declare that certain instruments and writings, not stamped as required by law, should not " be pleaded or given in evidence in any court, or admitted in any court to be available in law or equity," unless or until duly stamped.    U. S. Sts. 1797, *c.* 11, § 13 ; 1813, *c.* 53, § 7 ; 1 U. S. Sts. at Large, 531 ; 3 Ib. 79.

The internal revenue act of 1862, *c.* 119, § 5, as originally passed, indeed provided that, if any person, after the 1st of October 1862, should make, sign or issue any instrument, document or paper, of any kind or description whatsoever, without being duly stamped, he should incur a penalty of fifty dollars, " and such instrument, document or paper as aforesaid shall be deemed invalid and of no effect."    But, before that act went into operation, that section was amended by the act of 1862, *c.* 163, § 24, which provided that no instrument, document or paper, made, signed or issued before the 1st of January 1863, should be deemed invalid and of no effect for want of a stamp ; but that it should not " be admitted or used as evidence in any court " until duly stamped.    And the acts of 1863, *c.* 4, § 5, and *c.* 74, § 16, extended this time until the 1st of June 1863, and authorized the paper to be stamped in the presence of the court. 12 U. S. Sts. at Large, 475, 561, 632, 725.

The internal revenue act of 1864, *c.* 173, § 163, extended these provisions to all instruments, documents and papers signed or issued before its passage ; prohibited them from being " recorded,"

as well as from being "admitted or used as evidence in any court;" and authorized stamps to be affixed "in the presence of the court, register or recorder respectively." That act also, in § 158, put the preceding provision into a less harsh and sweeping form, by enacting that any person who should make, sign or issue any instrument, document or paper, of any kind or description whatsoever, without its being duly stamped, "with intent to evade the provisions of this act," should be subject to a penalty, "and such instrument, document or paper shall be deemed invalid and of no effect;" with a proviso that the title of a purchaser of land by a deed duly stamped should not be defeated or affected by the want of a proper stamp on any deed under which his grantor claimed title. 13 U. S. Sts. at Large, 293, 294, 295. Not only was the last proviso inconsistent with the theory that all unstamped instruments were wholly void; but the second of the previous provisions of this section declared void only "such instrument, document or paper," requiring a reference to the first provision of the same section in order to explain the meaning of the word "such." *United States* v. *Gooding*, 12 Wheat. 477. And it has therefore been held, by this and other courts, that the second provision, declaring unstamped instruments to be void, like the first provision, imposing a penalty, applied to those instruments only on which a stamp had been omitted with intent to evade the provisions of the act. *Tobey* v. *Chipman*, 13 Allen, 123. *Willey* v. *Robinson*, Ib. 128. *Hitchcock* v. *Sawyer*, 39 Verm. 412. *Harper* v. *Clark*, 17 Ohio State, 190.

The internal revenue act of 1865, which took effect on the 1st of April 1865, did not touch § 163 of the act of 1864; but substituted for § 158 another section in like terms, with additional provisions authorizing any instrument made or issued without stamps to be subsequently stamped upon application to the collector of internal revenue for the district, and payment to him of the price of the proper stamp, and either payment of the penalty, or proof to his satisfaction, within twelve months after the making or issuing of the instrument, that it had not been then duly stamped "by reason of accident, mistake, inad-

vertence or urgent necessity, and without any wilful design to defraud the United States of the stamp duty, or to evade or delay the payment thereof." U. S. St. 1865, *c.* 78, § 1; 13 U. S. Sts. at Large, 481, 482. Means were thus provided of obtaining a conclusive certificate, upon the instrument itself, of a faithful compliance with the law. In the case of the collector's affixing the stamp upon payment of the penalty, it was expressly declared that the instrument should "thereupon be deemed and held to be as valid to all intents and purposes, as if stamped when made or issued;" but in the other alternative, of proof that the stamp had been omitted without fraudulent intent, it was merely provided that the collector might "remit the penalty aforesaid and cause such instrument to be duly stamped;" by this difference clearly implying that instruments made or issued unstamped without fraudulent intent were not void by force of the previous provisions, and did not therefore need to be declared valid upon being subsequently stamped. It has accordingly been generally held that under the act of 1865, as under that of 1864, no instrument was void, the stamp on which had not been fraudulently omitted. *Tobey* v. *Chipman*, 13 Allen, 123. *Govern* v. *Littlefield*, Ib. 127, note. *Lynch* v. *Morse*, 97 Mass. 458, note. *McGovern* v. *Hoesback*, 53 Penn. State, 177. *Dudley* v. *Wells*, 55 Maine, 145. *Whitehill* v. *Shickle*, 43 Missouri, 537. *Hallock* v. *Jaudin*, 34 Cal. 167.

In some states, indeed, instruments executed while the acts of 1864 and 1865 were in force, on which stamps had been omitted without fraudulent intent, have been held to be void. *Hugus* v. *Strickler*, 19 Iowa, 413. *Miller* v. *Morrow*, 3 Coldw. 587. *Maynard* v. *Johnson*, 2 Nev. 16. *Wayman* v. *Torreyson*, 4 Nev. 124. But the courts that have so decided do not appear to have had before them any of the opposing decisions, above cited, which we cannot but consider more reasonable as well as more authoritative.

The internal revenue act of 1866, which took effect on the 1st of September 1866, and was in force at the date of the agreement now sued on, substituted, in the stead of § 158, an enactment in substantially the same words, so far as this case is

concerned, except in inserting the words "not being stamped according to law" in the second provision of that section, so as to make it read "and such instrument, document or paper, not being stamped according to law, shall be deemed invalid and of no effect;" and instead of § 163, a section providing that no instrument, document, writing or paper, signed or issued without being duly stamped, should be "recorded, or admitted or used in evidence in any court, until a legal stamp or stamps·denoting the amount of the tax shall have been affixed thereto as prescribed by law," but omitting the clause authorizing instruments to be stamped in the presence of the court, register or recorder. U. S. St. 1866, *c.* 184, § 9; 14 U. S. Sts. at Large, 142–144.

In *Carpenter* v. *Snelling,* 97 Mass. 452, it was held that the provision last quoted applied to the courts of the United States only, and did not affect the rules of evidence in the state courts; and it was assumed, and was indeed necessarily involved in the decision, upon the ground on which it was put by the court, that under the act of 1866, as under the previous laws, the omission to affix a stamp, if by inadvertence or mistake, and without intent to defraud the revenue, did not render the instrument wholly void. It would seem, indeed, that the point need not have been decided in that case, because there was no legal deficiency of a stamp, since the omission to stamp a writing of defeasance could hardly, upon any just construction of this statute, be deemed to invalidate the absolute deed, executed as part of the same transaction, and itself duly stamped, under which the defendant claimed title. See *Peate* v. *Dicken,* 1 Cr. M. & R. 422; *S. C.* 5 Tyrwh. 116. But that consideration, although mentioned by the court, was not the *ratio decidendi ;* and the judgment went upon the ground that, assuming the instrument in question not to have been stamped in accordance with the provisions of the statute, it was still, in the absence of proof of fraudulent intent, valid, and admissible in evidence in the courts of this Commonwealth.

Upon reëxamination, we see no reason to be dissatisfied with that decision, or with the ground on which it rests.

Statutes imposing a stamp tax for the increase of the revenue have not commonly declared instruments to be void, upon which the requisite stamps have been omitted without fraudulent intent; and such an effect is not to be implied. .*The King* v. *Bishop of Chester*, 8 Mod. 364; *S. C.* 1 Stra. 624. Bac. Ab. (Wilson's ed.) Stamps, F. *Bristow* v. *Sequeville*, 3 C. & K. 64; *S. C.* 5 Exch. 275. Acts imposing duties of any kind are not to be extended by doubtful interpretation, but are to be construed by the rule that every charge upon the subject must be created by clear unambiguous words. *Wroughton* v. *Turtle*, 11 M. & W. 567, and cases cited. *Sewall* v. *Jones*, 9 Pick. 414. *Adams* v. *Bancroft*, 3 Sumner, 384. *United States* v. *Wigglesworth*, 2 Story, 369. *United States* v. *Eighty-four Boxes of Sugar*, 7 Pet. 453. A statute, like the present stamp act, including not only deeds and instruments which pass title, but every kind of promise or contract, executed or executory, should not, without clear manifestation of legislative intent, be construed so as absolutely to annul all writings, to which by mistake, oversight or misunderstanding, however innocent or excusable, stamps of the requisite amount have not been affixed.

The insertion of the words " not being stamped according to law," in the provision of the stamp act declaring instruments to be void, does not necessarily change or extend the operation of that provision, and could not well be held to do so, consistently with the other provisions reënacted in the same section, the nature and effect of which it may be well to recapitulate in their order and in a connected series. The section, in its present shape, as in the former acts, does not declare all instruments not duly stamped to be void, but only " such" as have been already mentioned, that is to say, those that fail to have a proper stamp by reason of its having been omitted with intent to defraud the provisions of the act. It provides that a person claiming title under an unstamped deed may convey a good title by deed duly stamped; and a deed not stamped as required by the act has been therefore held to be a valid consideration for a promissory note. *Lambert* v. *Whitelock*, 29 Ind.

**26.** It allows a stamp to be subsequently affixed on application to the collector and payment of the stamp duty. While, if a stamp is so subsequently affixed after payment of the penalty, (which is incurred only if the stamp has been originally omitted with intent to defraud the provisions of the statute,) it is expressly declared that the instrument shall thereupon be deemed as valid as if originally stamped; such a declaration is omitted, and assumed to be unnecessary, in the case of a stamp so affixed upon proof that it has been omitted without fraudulent intent. The only reasonable construction of all these provisions, taken together, is, that an instrument not duly stamped at first is not by reason thereof absolutely void, but only voidable by proof that the stamp was omitted with intent to defraud the revenue, made before it has been duly stamped on application to the collector, or, if the instrument is one which passes title, before that title has been conveyed away by the grantee by an instrument duly stamped.

This construction is strengthened by the enactment in the subsequent section, that no instrument or paper, signed or issued without being duly stamped, " shall be recorded, or admitted or used as evidence in any court," until the proper stamp shall have been affixed thereto; for if the instrument, by reason of the mere omission of the stamp from whatever cause, were absolutely void, it would be superfluous to provide that it should not be admitted or used in evidence.

The decision in *Carpenter* v. *Snelling*, 97 Mass. 452, that this enactment must be limited to the courts of the United States, and not be construed to extend to, if indeed it could constitutionally bind, the state courts, was made after full consideration; is in accordance with the judgments rendered, without a doubt being raised upon this point, by the supreme courts of Vermont, Maine and Pennsylvania in the cases above cited, and with the later adjudications of the very question in *Griffin* v. *Ranney*, 35 Conn. 239, *Craig* v. *Dimock*, 47 Ill. 308, *Bunker* v. *Green*, 48 Ill. 243, and *United States Express Co.* v. *Haines*, Ib. 248 · and is in harmony with, if it does not fall within, the principle of construction upon which the amendments of the Con-

stitution of the United States securing fundamental rights in the modes of judicial proceedings have been held to apply to such proceedings in the courts of the United States only, and not to those in the courts of the several states. *Twitchell* v. *Commonwealth*, 7 Wallace, 321, and cases cited. *Livingston* v. *Moore*, 7 Pet. 482, 551. *Commonwealth* v. *Hitchings*, 5 Gray, 482.

We are aware that the supreme court of New York, in an early case, held that under a similar provision in the act of 1797, *c.* 11, § 13, a note not stamped as required by that act could not be given in evidence. *Edeck* v. *Ranuer*, 2 Johns. 423. But the case was submitted without argument, and was decided before the effect of acts of congress upon the jurisdiction and practice of the state courts had been the subject of thorough judicial examination. The attention of the court does not appear by its opinion, as delivered by Mr. Justice Spencer, to have been directed to the question whether the rule of evidence prescribed by the stamp act was applicable to the courts of the state; but to the single question of the repeal of that act by the act of congress of 1802, *c.* 19, with provisions allowing the recovery and distribution of fines already incurred, and the stamping, by the collector of customs, of instruments not duly stamped. And it was afterwards held by the same court, upon much consideration, in an opinion delivered by the same learned judge, that congress could not confer upon the state courts jurisdiction of suits for the recovery of similar fines. *United States* v. *Lathrop*, 17 Johns. 4. We are not informed of any other case in which the provision of the stamp act regulating the admission of unstamped instruments in evidence has been applied in a state court, except that of *Plessinger* v. *Depuy*, 25 Ind. 419; and in that case also the question of its applicability does not seem to have been considered.

On the other hand, it has been said in Illinois and Kentucky, that to declare contracts not stamped to be wholly void was beyond the constitutional power of congress. *Latham* v. *Smith*, 45 Ill. 29. *Hunter* v. *Cobb*, 1 Bush, 239. We should not be prepared to adopt that view, without stronger reasons than are

stated in those cases, especially since the judgments of the supreme court of the United States in *The License Tax Cases*, 5 Wallace, 462, and *Pervear* v. *Commonwealth*, Ib. 475. And a consideration of its soundness is not requisite or proper in this case, in which we are of opinion, for the reasons already stated, that congress has not undertaken to exercise such a power. If congress has the power at its discretion of declaring that all unstamped instruments shall be absolutely void, it does not follow that the exercise of so extreme a power is to be easily inferred; or that congress can, without so declaring, control the rules of evidence in the state courts, or the duties of recording officers under state laws; still less, that the assumption of such a control on the part of congress is to be presumed without the clearest manifestation of intention in the words of the statute. The later decisions of the supreme court of Illinois, already cited, are put upon grounds more accordant with our judgment in this case.

The result is, that, as no evidence was offered that the stamp upon the contract in suit had been omitted with fraudulent intent, the learned judge erred in sustaining the defendant's objection, and the plaintiff is entitled to a

*New trial.*