## RHEINSTROM vs. CONE and another.

*Promissory Note.—Internal Revenue Stamps.*

1. Under the internal revenue act approved March 3, 1865, a promissory note was not invalidated by the omission of a stamp, unless such omission was "with intent to evade the provisions of the act."
2. The provisions in the act approved July 3, 1866, as to the admission in evidence of notes, etc., issued without a stamp, apply only to instruments issued *after* that act took effect.
3. If the fact that an instrument is unstamped raises a *presumption* of an intent to evade the statute, *quære* whether the fact that there is a stamp affixed, though not of the value required by the law, is not a circumstance to be considered as *rebutting* that presumption. But *quære*, also, whether the entire omission to affix a stamp raises any presumption of fraudulent intent.

APPEAL from the Circuit Court for *Vernon* County.

On the trial of this action, the plaintiff offered in evidence what purported to be a promissory note for $120, dated June 20, 1865, and signed by defendants. The note had only a five cent (instead of a ten cent) revenue stamp affixed, and the court sustained an objection to it on that ground. The plaintiff then offered to show that the omission to duly stamp the note was not made for the purpose of evading the provisions of the United States revenue laws; but the offer was rejected by the court, and a judgment

of nonsuit ordered.    The plaintiff appealed from the judgment.

*Montgomery, Tyler & Dickinson*, for appellant, to the point that under the act of June 30, 1864, the note is not invalidated by lack of a stamp, unless the omission was made with the intent to evade the provisions of that act, cited *New Haven, etc., Co. v. Quintard*, 37 How. 29 ; *Vorebeck v. Roe*, 50 Barb. 302.    They further contended that the revenue acts, so far as they declare unstamped contracts invalid, are unconstitutional and void, congress having no authority to declare invalid contracts which are valid under the laws of the state.

*Carpenter & Chase*, for respondents, contended that under the act of March 3, 1865, before the note could be used in evidence, it must have been *stamped by the collector*.    *Wayman v. Torreyson*, 4 Nev. 124 ; *McAfferty v. Hale*, 24 Iowa, 355 ; *Doud v. Wright*, 22 id. 337 ; *McBride v. Doty*, 23 id. 122 ; *Ins. Co. v. Perkins*, 16 Mich. 385 ; *John v. The State*, 23 Wis. 504.    See also 21 Wis. 652 ; 22 id. 424 ; 17 Ohio St. 193 ; 56 Pa. St. 430 ; 22 Iowa, 337 ; 23 id. 112 ; 19 id. 553 ; 2 Nev. 24, 25 ; 47 N. H. 24 ; 48 Barb. 614.    2. No attempt or offer was made to affix a sufficient stamp to the note at the time it was offered in evidence.    Under the act of June 30, 1864, which contained no provision for stamping by the collector, cases can be found where the note has been admitted, it being then sufficiently stamped, or offered to be stamped in court, and it being made to appear that in the original omission there had been no intent to evade the revenue law.    But in no instance have we found a paper admitted without the stamp being affixed, or offered to be affixed.    And the act of July 13, 1866, is evidently intended to preclude any possible claim that paper can be used in evidence *until stamped* as prescribed by law ; i. e., in the case of paper issued after the act of March 3, 1865, stamped by the collector as then prescribed,    See cases cited above, and also *Har-*

*per v. Clark,* 17 Ohio St. 193; *Cooke v. England,* 27 Md. 29. 3. If it be admitted that the omission to stamp, which renders the note invalid, must be with intent to evade the revenue law, still the act of March 3, 1865, prescribes the *forum* by which that question of intent must be decided, to wit: the collector of the proper district; and here there was a continued omission, and no attempt to supply the defect. Counsel for the appellant may have been misled by decisions under the act of June 30, 1864, which contained no provision for subsequent stamping by the collector or the party. Yet it has been held, by respectable authorities, that even under that act the bare omission to stamp, *regardless of the intent,* made the instrument invalid. *Maynard v. Johnson,* 2 Nev. 25; *Myers v. Smith,* 48 Barb. 614; 30 How. 120; 19 Iowa, 414, 515, 553.

The following opinion was filed at the January term, 1870.

DIXON, C. J. The first question in this case is upon the construction of a clause in the internal revenue act of congress, approved March 3d, 1865, which reads as follows: " That any person or persons who shall make, sign or issue, or who shall cause to be made, signed or issued, any instrument, document or paper of any kind or description whatsoever, or shall accept, negotiate or buy, or cause to be accepted, negotiated or paid, any bill of exchange, draft or order, or promissory note, for the payment of money, without the same being duly stamped, or having thereon an adhesive stamp for denoting the duty chargeable thereon, with intent to evade the provisions of this act, shall for every such offense forfeit the sum of fifty dollars ; and such instrument, document or paper, bill, draft, order or note shall be deemed invalid and of no effect." 13 Statutes at Large, p. 481. The language of this clause, or that

part of it material to be considered in this case, is the same as that of the 158th section of the internal revenue act, approved June 30, 1864, of which this was an amendment. 13 Statutes at Large, p. 293. The question is, whether the words, "with intent to evade the provisions of this act," are connected with and qualify the words declaring the instrument invalid and of no effect, or whether they only qualify those imposing the penalty of fifty dollars. The former is, no doubt, the fair and ordinary grammatical construction; and so we find the courts very generally to have decided, wherever the question has arisen. *Harper v. Clark*, 17 Ohio St. 190; *Hitchcock v. Sawyer*, 39 Vt. 412; *Beebe v. Hutton*, 47 Barb. 187; *Dorris v. Grace*, 24 Ark. 326; *Desmond v. Norris*, 10 Allen, 250; *Trull v. Moulton*, 12 Allen, 396; *Toby v. Chipman*, 13 Allen, 123; *Govern v. Littlefield*, and *Willey v. Robinson*, id. 127 and 128; *Holyoke Machine Co. v. Franklin Paper Co.*, 97 Mass. 150; *Green v. Holway*, 101 Mass. 243; *McGovern v. Hoesback*, 53 Pa. St. 176; *Dudley v. Wells*, 55 Maine, 145; *Whitehill v. Shickle*, 43 Mo. 537; *Hallock v. Jaudin*, 34 Cal. 167; *New Haven & Northampton Co. v. Quintard*, 37 How. Pr. R. 28; *Vorebeck v. Roe*, 50 Barb. 302; *Howe v. Carpenter*, 53 id. 382. It is true, there are some decisions to be found in which a different view has been taken, but the decided weight of authority is as above stated; and that, we think, must govern until a contrary rule has been established by the supreme court of the United States. We hold, therefore, that the note in suit was not invalid unless the requisite stamp was omitted with intent to evade the provisions of the revenue act.

And the question as to who has the burden of proving such intent, or whether the production of the unstamped instrument is itself *prima facie* evidence of it, does not arise in this case. Here the note produced had a stamp upon it, but not a sufficient one. Perhaps that ought to be considered as a circumstance

going to rebut the presumption of an intention to evade the provisions of the act, if such presumption arises where the instrument is wholly unstamped. Yet, as the unstamped instrument is not void, except the omission be with intent to evade the law, and as the provision declaring it void in that case is in the nature of a penalty, often most severe, it might be that no presumption of fraudulent intent would arise from the mere omission to affix the stamp. The omission might have been caused by mistake, oversight, or some misunderstanding, in itself innocent and excusable. Penal statutes are strictly construed, and presumptions of guilt not indulged upon facts consistent with the opposite hypothesis or that of innocence. These are general rules, and it might be, notwithstanding the omission to stamp, that the presumption of innocence would prevail until the contrary, or the existence of the fraudulent intent, was clearly established in evidence. See *Green v. Holway, supra,* and *Clemens v. Conrad,* 19 Mich. 178. But be these things as they may, the plaintiff here voluntarily assumed the burden of showing that the omission to stamp was not with intent to evade the requirements of the law, which the court below refused to allow him to do. This, we think, was error.

Another question arises as to the construction of that provision in the act approved July 13th, 1866, and found in 14th Statutes at Large, p. 143, which reads as follows: " That hereafter no deed, instrument, document, writing or paper, required by law to be stamped, which has been signed or issued without being duly stamped, or with a deficient stamp, nor any copy thereof, shall be recorded or admitted, or used as evidence in any court, until a legal stamp or stamps, denoting the amount of tax, shall have been affixed thereto as prescribed by law." It is argued that under this provision the note in question was not admissible in evidence. The

provision is prospective, and not retrospective. The rule with regard to holding statutes prospective, and not retrospective in their operation, unless the latter intent is plainly made to appear, is well known. The language here is entirely consistent with the former construction. The words, " which has been signed or issued without being duly stamped," were undoubtedly used prospectively; for, if we give them the contrary effect, we exclude from the operation of the statute every deed, instrument, etc., signed and issued after the passage of it without being duly stamped, which would be obviously against the intention of congress.

It follows from these views, that the judgment of circuit court must be reversed, and a *venire de novo* awarded.

*By the Court.*—So ordered.

A motion for a rehearing was denied at the June term, 1870.