## LINCOLN B. MOORE *vs.* PATRICK QUIRK.

Arguing exceptions allowed is a waiver of a petition to establish the truth of different exceptions.

An instrument not stamped as required by the U. S. St. of 1866, *c.* 184, § 9, is not void, unless the stamp was omitted with intent to defraud the revenue.

The provision of the U. S. St. of 1866, *c.* 184, § 9, that no instrument shall be recorded until stamped as therein required, does not affect a record thereof under state laws.

The suing out of a writ of replevin by a mortgagee against an officer attaching the property on mesne process against the mortgagor, and the removal of the property out of the Commonwealth, do not affect the right of the mortgagee to demand and receive from the attaching creditor, under the Gen. Sts. *c.* 123, § 63, the amount for which the property is liable to him on the mortgage.

CONTRACT to recover the sum of $310.59 paid to the defendant on a demand made by him upon the plaintiff under the Gen. Sts. *c.* 123, §§ 62, 63. Writ dated May 26, 1868. Trial and verdict for the defendant in the superior court, before *Scudder*, J., who allowed a bill of exceptions, which (excepting the clause 'n-closed in brackets) was as follows:

" It appeared in evidence, that the plaintiff caused to be attached on mesne process, in an action brought by himself against John Quirk, eight carts and harnesses, in the possession of John Quirk; that said property was taken from the attaching officer by a writ of replevin in favor of Patrick Quirk, and was taken away into the state of New York by John Quirk, and has never been returned; that the plaintiff recovered judgment against John Quirk, in the suit on which said goods were attached, for

$230.34, and costs; that a second attachment was made upon said goods in favor of one Dewey against John Quirk, for the sum of $311.28, and costs; that Patrick Quirk gave a bond in the replevin suit in the penal sum of $1000, and the appraisers, appointed by the officer who served the replevin writ, appraised the property at $450; that said officer, who attached said goods, at February term 1868 obtained judgment against Patrick Quirk for a return of said goods, and commenced an action upon the replevin bond, which action is still pending; and that in May 1868 Patrick Quirk made a demand in writing on Lincoln B. Moore for the payment of the sum of $310.59, as the amount due upon a mortgage from John Quirk to Patrick Quirk upon the property attached; and Moore, with a knowledge of all the facts above stated, paid to Patrick Quirk the sum so demanded.

" The plaintiff offered evidence tending to show that the mortgage described in said demand was not stamped, and was recorded by the town clerk of Northampton without having upon it any stamp. The jury were directed to find specially whether said mortgage was or was not stamped, and found that it was not stamped.

" The plaintiff asked the judge to rule that, if said mortgage was not stamped, it would be void, and the plaintiff would be entitled to recover. But the judge declined so to rule, [but ruled that the mortgage would be valid, even though it was not stamped.]

" The plaintiff also asked the judge to rule that, if said mortgage was not stamped, the same was unlawfully recorded, and was of no validity as against the plaintiff, and the plaintiff was entitled to recover. But he declined so to rule.

" The plaintiff asked the judge to rule that, if the defendant demanded said payment while said goods were out of the possession of said officer attaching the same, and without any offer to return the same either to the officer or to the plaintiff, then the plaintiff would be entitled to recover. But he declined so to rule.

" The plaintiff also asked the judge to rule that, if the defendant, after he had demanded said payment and received said sum

from the plaintiff while said property was out of the state and in the possession of John Quirk, failed to return said property, either to the plaintiff or to said officer, then the plaintiff would be entitled to recover. But the judge declined so to rule. To which rulings and refusals to rule the plaintiff excepts."

*D. W. Bond,* (*H. H. Bond* with him,) for the plaintiff.

*W. G. Bassett,* for the defendant.

At the conclusion of their argument, the plaintiff's counsel suggested that a petition to establish the truth of exceptions, alleged at the trial and .disallowed by the judge, was pending in this court.

THE COURT said, that, according to the well settled practice, the excepting party, by arguing the exceptions allowed, waived his petition to establish the truth of different exceptions; but, upon its appearing that the argument had proceeded upon a misapprehension in this respect, continued the case, and referred the petition to a commissioner, who reported at September term 1871 that the plaintiff's exceptions, as truly taken at the trial, were as above stated, including the words printed in brackets ; and the case was then further argued by the same counsel for both parties.

GRAY, J. None of the exceptions taken by the plaintiff to the rulings of the superior court at the trial of this case can be sustained.

1. The want of the stamp required by the internal revenue act of the United States did not affect the validity of the mortgage, ı the absence of evidence tending to show that the stamp had been omitted with intent to defraud the revenue. U. S. St. 1866, *c.* 184, § 9 ; 14 U. S. Sts. at Large, 142–144. *Green* v. *Holway,* 101 Mass. 243. *Campbell* v. *Wilcox,* 10 Wallace, 421. The plaintiff does not appear to have asked that any question of such fraudulent intent should be. submitted to the jury.

2. The mortgage was recorded as required by the statutes of the Commonwealth. Gen. Sts. *c.* 151, §§ 1, 3. The clause of the internal revenue act, which provides that instruments not stamped as therein required shall not be recorded, cannot be construed as prohibiting the performance by the officers of the Commonwealth

of the duties imposed upon them by its statutes, but must be limited in interpretation and effect to records required or authorized by acts of congress, for the same reasons upon which the prohibition in the same clause against giving unstamped instruments in evidence in any court has been decided to be applicable to the federal courts only, and not to extend to the state courts. *Carpenter* v. *Snelling*, 97 Mass. 452. *Green* v. *Holway*, 101 Mass. 243. *People* v. *Gates*, 43 N. Y. 40. *Clemens* v. *Conrad*, 19 Mich. 170.

3. The statutes authorizing personal property subject to mortgage to be attached on mesne process against the mortgagor provide that if the mortgagee makes a demand upon the attaching creditor or officer in writing, stating a just and true account of the debt for which the property is liable to him, the attaching creditor shall pay or tender that amount to him within ten days; that, if such payment or tender is not made, the attachment shall be dissolved and the property restored to the mortgagee; that if the mortgagee demands and receives more than his due, he shall be liable to the attaching creditor for the excess, with interest at the rate of twelve per cent.; and, if the attaching creditor pays the amount due to the mortgagee, that he shall be entitled to be repaid it, with interest, out of the proceeds of the goods if sold under the attachment or on execution, and, even if he fails to recover judgment in his suit, shall be entitled to hold the goods until such repayment. Gen. Sts. c. 123, §§ 62–66. *Granger* v. *Kellogg*, 3 Gray, 490. If the goods are replevied from the attaching officer, the bond given to him upon the writ of replevin in double the value of the goods takes the place of the goods themselves, if not specifically redelivered to him under a judgment on the replevin for a return; and all sums recovered by him in an action on the bond will be held by him in trust to pay to the attaching creditor, not only the amount for which he recovers judgment in his suit, but also, whether he does or does not recover such judgment, the amount paid by him to the mortgagee, just as if the goods had been sold on execution. Gen. Sts. c. 143, §§ 12, 15. *Mattoon* v. *Pearce*, 12 Mass. 406, 411. *Wright* v. *Quirk*, *ante*, 44. In the present case, therefore, it being admitted that the de-

mand of the defendant as mortgagee, upon the plaintiff as attaching creditor, was in the form required by the Gen. Sts. *c.* 123, § 63, the facts that the goods had been previously taken by him from the attaching officer upon a writ of replevin, and had been removed out of the Commonwealth, did not affect his right to make that demand and to receive from the attaching creditor the amount for which the property was liable to him under his mortgage ; and the plaintiff cannot maintain this action, but must look for his reimbursement to the sums which may be recovered by the attaching officer in the suit upon the replevin bond.

*Exceptions overruled.*