JUDGE HARDIN
delivered the oeinioh oe the court.
To the petition of the appellee, on the promissory note of the appellants to him for two hundred dollars, they pleaded, in substance and effect, that the consideration of the note was brandy, sold by the plaintiff to one of the defendants, which was made in Tennessee, and smuggled into Kentucky by the plaintiff in violation of the revenue laws of the United States; the brandy not having been inspected, nor had any tax been paid thereon, nor the barrels containing it branded, and the same having been distilled without lawful authority, and sold in violation of the laws of the United States; and that the contract was therefore against public policy, illegal, and void. This answer was adjudged insufficient on demurrer, and the defendants failing to plead further, a judgment was rendered against them on the note; and they have appealed to this court.
The averments of the answer, confessed by the demurrer, sufficiently import the commission by the plaintiff of a succession of violations of the acts of congress of 1864, 1865, and 1866, “to provide internal revenue,” etc., and that the sale of the brandy, which was the consideration of the note, was the object, if not the immediate result, of these illegal acts, and therefore the contract was against the policy of the law and *319 void. (2 Kent’s Com. 466-68; 2 Parsons on Contracts, 753; Armstrong v. Toler, 11 Wheaton, 257.)
The decision of this court against the constitutional validity of so much of the stamp enactment of congress as declares ordinary contracts to be void for the mere failure to stamp the written evidences of them (Hunter v. Cobb, 1 Bush, 239), does not conflict with the principle governing this case, which invalidates the contract itself, because it involves the commission of a public wrong, and not simply a failure to comply with a revenue regulation relative to the memorial by which it may be expressed, which might be enforced by appropriate penalties without affecting ■ the integrity or binding force of a legitimate transaction.
Wherefore the judgment is reversed, and the cause remanded with instructions to overrule the demurrer to the answer, and for further proceedings not inconsistent with this opinion.