JOSEPH H. ROWE *vs.* WINTHROP H. BOWMAN.

Suffolk. January 26, 1903. — June 16, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Bills and Notes. Evidence. Stamp. Alteration of Instruments.*

In an action on a promissory note one of two joint makers of the note cannot be allowed to testify, that he put his name on it because two names were necessary and on the condition that the other signer was to receive the money and was to pay the note and he was not. Such a condition must be taken to mean that as between the two defendants the one receiving the money was to be primarily liable, and not to mean that he alone was to be liable on the note, and constitutes no defence under R. L. c. 73, §§ 45, 69.

The provision of U. S. St. 1898, c. 448, §§ 7, 14, that no instrument required by law to be stamped shall be "admitted or used as evidence in any court" until the required stamp has been affixed, applies only to courts of the United States.

The provision of U. S. St. 1898, c. 448, § 13, declaring unstamped instruments to be invalid, applies only to instruments from which the stamp has been omitted fraudulently.

Under U. S. St. 1898, c. 448, the affixing of a United States revenue stamp to a promissory note by the holder of the note and his cancellation of the stamp in

the name of the maker, where the note was made and apparently is payable in Massachusetts, do not constitute a material alteration of the note under St. 1898, c. 533, § 125, (R. L. c. 73, § 142.)

CONTRACT on a promissory note dated April 7, 1899, for $2,000, payable in two years from its date with interest at the rate of six per cent per annum, and bearing on its face United States revenue stamps to the amount of forty cents cancelled "4/7/99/ W. H. B." Writ dated July 1, 1901.

At the trial in the Superior Court before *Maynard*, J., the defendant asked the judge to rule that the evidence as to the affixing of the stamps and their cancellation by the plaintiff proved a material alteration of the note by the plaintiff and that he could not recover thereon. The judge refused so to rule. The defendant then asked the judge to rule that the note was not admissible in evidence and should be stricken from the minutes on the ground that since the note had been received in evidence it had been shown that it had been delivered originally without stamps and was accordingly inadmissible by reason of the provisions of U. S. St. 1898, c. 488, entitled, "An Act to provide ways and means to meet war expenditures and for other purposes." It appeared that the note in suit was given in renewal of a note dated April 7, 1898, and the defendant offered to prove that at the time the last named note was given the conversation took place which is stated in the opinion of the court. The judge excluded the evidence. The defendant contended that the excluded evidence tended to show, that the note as between the plaintiff and the defendant was an accommodation note without consideration and that the plaintiff was not a holder in due course under R. L. c. 73, §§ 45, 69. The judge ordered a verdict for the plaintiff; and the defendant alleged exceptions.

*C. G. Chick & D. L. Smith*, for the defendant.

*C. G. Keyes*, for the plaintiff.

LORING, J. This is an action on a promissory note signed by the defendant and one Grace Helen Meyer.

The defendant offered to prove that the note in suit was given as a renewal of a former note which had been given under the following circumstances: The defendant applied to the plaintiff for a loan of $2,000 to Mrs. Meyer, "the other maker of the

note in suit, and stated to the plaintiff that if two names were necessary on the note, he would put his name upon it, and asked the plaintiff if two names were necessary and the plaintiff said they were; that the defendant then said, 'In that case I will put my name on the note, but I am not to pay it, but the other signer is to pay it, that she was to have the money and he was not'; that the plaintiff's reply was that he would loan the money on those terms." This must be taken to mean that as between the two defendants Mrs. Meyer was to be primarily liable, and not to mean that she alone was to be liable on the note, as the defendant now contends. The facts offered constituted no defence and were properly excluded.

The other two exceptions relate to the fact that there was no revenue stamp on the note in suit when it was delivered to the plaintiff, as required by U. S. St. June 13, 1898, c. 448, § 6, Schedule A; 30 U. S. Sts. at Large, 448, 451; and that the plaintiff subsequently affixed the proper stamp to the note and cancelled it in the defendant's name. His request was that the judge should rule as matter of law that this constituted a material alteration of the note, and that the note should be ruled out as inadmissible in evidence.

The second of these two exceptions is covered by the previous decisions of this court in *Carpenter* v. *Snelling*, 97 Mass. 452, and *Green* v. *Holway*, 101 Mass. 243. Under these decisions, U. S. St. June 13, 1898, c. 448, §§ 7, 14, forbidding unstamped instruments from being admitted in evidence, must be confined to courts of the United States.

The first of these two exceptions must also be overruled. The note was not invalid before the stamp was annexed. It was decided by this court, after great deliberation, that U. S. St. July 13, 1866, c. 184, § 9, declaring unstamped instruments to be invalid, applied only to instruments where the stamp had been fraudulently omitted; *Green* v. *Holway*, 101 Mass. 243; *Moore* v. *Quirk*, 105 Mass. 49; and the Supreme Court of the United States reached the same conclusion in *Campbell* v. *Wilcox*, 10 Wall. 421. The act in question, U. S. St. June 13, 1898, c. 448, § 13, (30 U. S. Sts. at Large, 454,) so far as the question of the validity of unstamped instruments is concerned, is the same as U. S. St. July 13, 1866, c. 184, § 9, and the decision in

*Green* v. *Holway*, 101 Mass. 243, and the reasons given for it are applicable here.

It was held in *Green* v. *Holway*, 101 Mass. 243, 251, that the burden of proving a fraudulent intent is on the person who asserts it. As there was no evidence in the case at bar that the note was originally left unstamped with intent to defraud, the note here in question must be taken to be a valid note.

In our opinion, the question whether there was or was not a material alteration of this note, which was made in Massachuserts and apparently was to be paid in Massachusetts, must be determined by the laws administered in the courts of Massachusetts. *Fuller* v. *Green*, 64 Wis. 159. As the note was admissible in Massachusetts courts without a stamp, annexing a stamp was not a material alteration of the note within R. L. c. 73, § 142.

*Exceptions overruled.*