Griffin *v.* Ranney.

JOHN F. GRIFFIN *vs.* JAMES H. RANNEY AND OTHERS.

The act of Congress which provides that no document required to be stamped shall be admitted in evidence or used in any court until stamped according to law, is to be regarded as intended to apply only to the federal courts.

Whether it is in the power of Congress to make laws affecting the competency of evidence in the state courts: *Quære.*

ASSUMPSIT, brought to the Superior Court in Hartford county. The court (*Pardee, J.,*) admitted in evidence a document offered by the plaintiff on which there was no revenue stamp, and judgment being rendered for the plaintiff the defendants moved for a new trial on that ground.

*Cornwall,* in support of the motion.

*Owen,* contra.

CARPENTER, J. Whether the paper writing, introduced in evidence in this case, required an internal revenue stamp under the act of Congress, is a question we need not now determine, as we are satisfied that a new trial must be denied on another ground.

The provision in the United States statute of 1866, ch. 184, page 143, is as follows: "That hereafter no deed, instrument, document, writing, or paper, required by law to be stamped, which has been signed or issued without being duly stamped, or with a deficient stamp, nor any copy thereof, shall

be recorded, or admitted, or used as evidence in any court, until a legal stamp or stamps denoting the amount of tax shall have been affixed thereto, as prescribed by law."

The language is general, but does not, in express terms, apply to the state courts. The two systems of courts in this country, federal and state, are distinct and independent of each other, and, to a certain extent at least, each is independent of any supervision or control by the power which created the other.

We are not aware of any attempt on the part of the legislature of any state to direct, or in any way interfere with, the course of proceeding and the administration of justice in the federal courts; nor, on the other hand, has Congress ever claimed the right by direct legislation to regulate the course of proceedings generally in the courts of the several states.

So far then as the act in question prescribes rules regulating the competency of evidence in courts of justice, it must be presumed that it was intended to apply only to those courts over which Congress had acknowledged and constitutional power, especially as the language of the act is fairly susceptible of that interpretation. The Supreme Court of Massachusetts has taken this view of the act, and we think it is the correct one. *Carpenter* v. *Snelling*, 97 Mass., 452. Indeed, the constitutional power of Congress to tax proceedings in the state courts has been denied by very respectable authority. *Warren* v. *Paul*, 22 Ind., 276; *Jones* v. *Keep*, 19 Wis., 369; *Fifield* v. *Close*, 15 Mich., 505; *Union Bank* v. *Hill*, 3 Coldwell, 325. In *Carpenter* v. *Snelling* the court say: "We entertain grave doubts whether it is within the constitutional authority of Congress to enact rules regulating the competency of evidence in the trial of cases in the courts of the several states, which shall be obligatory on them."

If the doctrine of the above cases is the law of the land, we think it applies to instruments used in evidence as well as to the process of the court.

But it is unnecessary to discuss that question, as we are satisfied that the interpretation of the act under consideration,

which excludes its application to the state courts, is the correct one.

A new trial is not advised.

In this opinion the other judges concurred.