PATTERSON *v.* GILE.

STAMPS — *need not be canceled.* An instrument which has been stamped according to the revenue laws of the United States may be read in evidence, although the stamp thereon has not been canceled.

SAME — *construction of the act relating to.* Whether an instrument is admissible in evidence, under the act of 1864, is to be determined by section 163 of that act as amended (14 Statute at Large, 143).

PLEADING — *want of consideration.* In an action upon a promissory note, want of consideration must be specially pleaded.

*Error to Probate Court, Arapahoe County.*

ASSUMPSIT on a due bill for $365.36. Plea general issue, under which defendant offered evidence of want of consideration, was rejected.

Mr. W. C. KINGSLEY, for plaintiff in error.

Mr. L. B. FRANCE, for defendant in error.

HALLETT, C. J. When the due bill, upon which this action was brought, was produced at the trial in the court below, it bore revenue stamps of sufficient amount, but the stamps had not been canceled. The court permitted the attorney of the plaintiff below to cancel the stamps and allowed the instrument to be read in evidence against the objection of the plaintiff in error, who now insists that this ruling was erroneous. By section 158 of the revenue act, a penalty is provided for any violation of the act in respect to the stamping of instruments in cases where the omission or neglect to stamp is with an intent to evade the provisions of the act, and it is also declared that the instrument which is omitted to be stamped with such intent shall be deemed invalid and of no effect. By some courts it has been considered that the omission to stamp an instrument, whether fraudulent or not, will invalidate it. *Hugus* v. *Strickler*, 19 Iowa, 414 ; *Maynard* v. *Johnson*, 2 Nev. 16, 25.

But the weight of authority is opposed to this construction, and finds the forfeiture of the instrument to be a penal

consequence of a fraud upon the act. *Harper* v. *Clark*, 17 Ohio St. 190 ; *Hitchcock* v. *Sawyer*, 39 Vt. 412 ; *Hallock* v. *Jaudin*, 34 Cal. 175 ; *McGovern* v. *Hoesback*, 53 Penn. 178.

After a careful study of the act I have not been able to convince myself that the omission to stamp an instrument, under any circumstances, will render such instrument invalid and of no effect, and therefore I do not perceive the importance of ascertaining the intention of the maker in omitting the stamp, except it be with reference to the penalty of $50 prescribed by the act in cases of intentional omission. I comprehend the clause above referred to, which declares that the instrument shall be invalid and of no effect if the omission to stamp it be with intent to evade the provisions of the act, but I find in the same section provisions for stamping all instruments not stamped at their inception, whatever the intention of the maker in omitting to stamp them at the proper time. It is provided "that hereafter, in all cases where the party has not affixed to any instrument the stamp required by law thereon at the time of making or issuing the said instrument," upon complying with certain conditions prescribed by the act, the collector of the revenue for the proper district may affix the stamp, and the instrument "shall thereupon be deemed and held to be as valid to all intents and purposes as if stamped when made or issued."

Inasmuch as every instrument not stamped may be perfectly stamped under this clause, and thus invested with all its legal attributes, I am not able to say that any unstamped instrument is, for want of the stamp, invalid and of no effect. I understand that an invalid instrument cannot be validated by the simple act of a government officer affixing a stamp. If an instrument be absolutely invalid and of no effect, it must remain so until it receive life at the hands of its authors.

The legal status of an unstamped instrument is not easily defined, but so long as the law admits it to be stamped I cannot regard it as a nullity.

This view is, I think, supported by section 163 of the act

which was enacted in 1866, and which prescribes the only condition of the revenue law, upon which an instrument may be admitted as evidence in a court of justice. That section declares:

" That, hereafter no deed, instrument, document, writing or paper, required by law to be stamped, which has been signed or issued without being duly stamped, or with a deficient stamp, nor any copy thereof shall be recorded or admitted or used as evidence in any court until a legal stamp or stamps, denoting the amount of tax, shall have been affixed thereto as prescribed by law."

Accepting this plain declaration as it is written, it is obvious that the circumstances attending the omission to stamp an instrument are entirely immaterial. If the instrument has not been stamped, it cannot be used as evidence although the omission to stamp it may have been entirely accidental and without any design to evade the act. If it has been stamped by the maker at its inception or by the collector subsequently, as provided in section 158, it is wholly immaterial whether the maker intended to defraud the government of the tax imposed upon the instrument. Under this section but one question can arise concerning an instrument offered in evidence, and that is, whether it has been stamped as the act requires, and upon the answer to this question the instrument should be admitted or excluded. Therefore as I find that, according to section 163, the only question respecting the admissibility of an instrument as evidence is, whether it has been stamped as the law prescribes, and that while section 158 denounces a penalty against a fraudulent omission to stamp an instrument, it also provides for affixing a proper stamp to every instrument which requires it, and which has not been stamped when made. I conclude that the intention of the maker of an unstamped instrument is not material in determining the legal character of such instrument, and that so much of the latter section as appears to establish a different rule must receive a construction which will make it harmonize with the other provisions of the act.

I have attempted to show that an instrument is to be rejected or received in evidence upon the provisions of section 163 of the revenue act, and none others, and if I have succeeded in this, the remaining inquiry is, whether the due-bill in this case was admissible according to the provisions of that section.

When the instrument was offered in the court below it bore sufficient revenue stamps, and although these stamps were not canceled, I think we may fairly presume that they were placed upon the due-bill at the time it was made. Certainly, if the stamps had appeared to be canceled the court would have indulged such presumption, and, because the maker omitted the cancellation, it is somewhat illogical to say that he also omitted to affix the requisite stamps.

The object of the law in requiring the stamp to be canceled, as declared by section 156, is to prevent another use of it, and, while it may be said that the date placed upon the stamp in canceling it, affords some evidence of the time when the stamp was placed upon the instrument, the act does not make it evidence of that fact. The law requires the stamp to be put upon the instrument when the latter is made, and leaves this fact to be proved in the same way that every other controverted fact is proved. If an instrument appears to be stamped, the law will, in the absence of evidence to the contrary, assume the stamps to have been properly affixed, for the reason that it cannot be presumed that any one has attempted a fraud upon the act, until the fact is established by testimony. Assuming that the stamps were placed upon the due-bill when it was made, I think that the provisions of section 163 were observed. The act of stamping an instrument is accomplished by affixing a stamp or stamps denoting the duty imposed by law upon such instrument. The cancellation is another and different act prescribed for another purpose. By the act of stamping, the payment of duty upon the instrument is accomplished ; by the cancellation the fraudulent use of the stamp is prevented. I cannot doubt that, if an uncanceled stamp should be removed from an instrument to which it had been properly affixed, with

intent to use it again in fraud of the act, the offender would be subject to the penalty announced in section 155. A party guilty of such an offense could never take refuge under the circumstance that the stamp fraudulently used by him lacked cancellation. Therefore the omission to cancel the stamp upon an instrument, while, if intentional, it will subject the party to the penalty of $50.00, prescribed in sections 156 and 158, does not in any way affect the legal character of the instrument, and I respond to the requirements of section 163, by saying that the due-bill in this case was stamped as required by law.

This discussion has been extended beyond the limits required by this case, for the purpose of showing that we are unable to recognize the doctrine promulgated by many State courts, that an instrument required by law to be stamped, may be used as evidence in a court without being stamped. As a territory, we derive our political existence and every political right and privilege that we enjoy from the general government, and therefore we cannot deny the power of that government to legislate upon this subject in this way, as did the supreme courts of Illinois and Massachusetts. *Latham* v. *Smith*, 45 Ill. 29 ; *Carpenter* v. *Snelling*, 97 Mass. 452.

We recognize the power of the congress to enact this law, and, according to the one hundred and sixty-third section of the act, we will require every instrument to be stamped according to the provisions of the act before it is used as evidence.

Another question presented in this record, and strongly urged by the counsel for plaintiff in error, has been determined in the State of Illinois, and we are disposed to adopt the ruling of that court. It has been the practice in this territory, since the present statute relating to bills of exchange and promissory notes was enacted, to plead a want or failure of consideration specially, and since the statute is not very clear upon this point, we think it better to uphold the rule which has been hitherto observed than to attempt to change it. The supreme court of Illinois was evidently

influenced by a desire to maintain the rule as it had been understood and practiced by the profession, and we may, with propriety, act upon the same consideration. *Rose* v. *Mortimer*, 17 Ill. 475.

If the statute were opposed to this rule, of course we should be compelled to abandon it. But the statute groups together the several defenses of want and failure and partial failure of consideration, and declares that they may be pleaded, and, inasmuch as it was certainly intended that partial failure of consideration should be specially pleaded, we may say that it was also intended that want or failure of consideration should be specially pleaded. At all events the profession have so construed the act from the first, and we will not now seek a new construction.

The judgment of the probate court is affirmed, with costs.

*Affirmed.*