## WALLACE *v.* CRAVENS.

EVIDENCE.—*State Courts.—Acts of Congress.*—The Congress of the United States cannot control the rights of parties in the introduction or the weight of evidence in a state court, against the laws of a state; in a case arising purely under the laws of the state and properly before such court.

SAME.—*U. S. Revenue Stamp.*—The want of a United States revenue stamp upon an assignment of a title-bond cannot render such assignment inadmissible in evidence in a state court.

Wallace *v.* Cravens.

HARMLESS ERROR.—*Instruction to Jury.*—A judgment will not be reversed because of an erroneous instruction to the jury, where it is clear that such instruction has done no injury.

APPEAL from the Ripley Circuit Court.

PETTIT C. J.—The appellee brought suit against the appellant to recover the possession of a lot in the town of Osgood in said county, and damages for the detention of the same. The complaint was in the usual and regular form. Answer of general denial. Trial by jury; verdict and judgment for appellee for possession and fifty dollars damages; and appeal to this court.

The alleged errors relied upon for a reversal are, the giving the instructions by the court, the overruling a motion for a new trial, and as incidental to the latter, the allowing the appellee to stamp and read in evidence an assignment of a title bond for the lot.

We will dispose of the last objection first. The plaintiff below produced an assignment of a title-bond as evidence, but it was objected to because it had not a United States stamp on it; thereupon the plaintiff asked leave to stamp the assignment, which was allowed by the court, and the assignment read in evidence over the objection and exception of the defendant. There was no necessity for the plaintiff to read the title-bond or its assignment to establish his right to recover; but if it had been necessary, the court committed no error in allowing the stamp to be placed on the assignment, and allowing it thereafter to be read in evidence. The Congress of the United States cannot control the rights of parties in the introduction or the weight of evidence in a state court, in a case which arises purely under the laws of the state, and is properly before such court, against the laws of the state; though it may be possible the party failing to apply the proper stamp may be liable to a fine or penalty in the federal courts (though we do not admit it). *Carpenter* v. *Snelling*, 97 Mass. 452. All decisions of this court in conflict with this opinion are overruled. The laws of this State require no stamps, and the assignment was properly admis-

sible in evidence, on proof of execution, without a stamp. A contract valid by the laws of this State cannot be rendered invalid in the State courts by an act of Congress.

The evidence was, in substance, as follows:

One Cochran acquired title to the land, August 7th, 1852, and owned it till November 3d, 1866, when he deeded it to appellee. May 1st, 1865, Cochran made a title-bond for the lot to appellant, for a deed, May 1st, 1866, or as soon as appellant should pay his note for one hundred and twenty-five dollars given for the lot. Appellant took immediate possession of the lot, though nothing was said in the bond or otherwise about his doing so. The bond was read in evidence, and assigned to appellee September 1st, 1865, at which time appellant was in, and appellee demanded possession. The assignment of the bond was read, as also appellee's deed, dated as above. And a written statement made by appellant to appellee, dated March 14th, 1867, stating that appellant had rented the lot of appellee, and agreed to quit the possession May 15th, 1867, and leave the premises in good condition, was read in evidence. Wm. Duncan testified, that in March, 1867, the appellant told him that he had sold out his property to appellee, and had agreed to give possession May 15th, 1867. Appellant took possession, as this witness says, in May, 1865. The evidence shows that while appellant was in possession he built a small house and made some other improvements, and that the property was worth six hundred dollars; that the appellee paid the appellant more than that amount; that appellee had several times demanded possession of appellant, before suit was brought, and after he became the owner of the property. The appellant's deposition was taken in Cincinnati, Ohio, and in it he says that he took possession of the lot in March, 1865, but denies that he ever had or saw a bond for the lot, or that he ever assigned such a bond, or that possession was ever demanded. Says that his wife paid fifty dollars on the lot, and paid for the fence, and that he can neither read nor write.

The instructions given by the court are as follows, all of which were excepted to by the appellant.

" 1. It is conceded in this case that George W. Cochran was the owner of the lot in fee simple. The plaintiff is claiming title through him. He claims that Cochran sold the property to the defendant, and executed a title-bond to him for the same, conditioned for its conveyance upon the payment of purchase-money; that defendant assigned this title-bond to him and, pursuant to such assignment, the property was conveyed to him by Cochran.

" 2. The defendant claims that this deed from Cochran to the plaintiff is void for champerty. He insists that at the time it was executed his wife was in possession of the premises, under a contract of purchase with Cochran. But if the evidence has proved that she had made such a contract, and that at the time of the conveyance to the plaintiff that contract was still executory, this deed of Cochran to the plaintiff would not be void for that reason, but would be a valid deed, and would convey to the plaintiff the legal title to the premises.

" 3. The defendant is not claiming that he has the legal title, and if the plaintiff has shown a valid deed to this lot, he has made a *prima facie* case, showing that he is entitled to the possession of it.

" 4. If at the commencement of this suit, the defendant was in possession of the premises, and before it was commenced the plaintiff demanded possession, the proof of these facts would, in the absence of proof of a paramount right to possession, entitle the plaintiff to recover in this suit.

" 5. You will bear in mind that in this suit no equities of the wife of defendant in this property, as between her and Cochran or the plaintiff, can be adjusted or settled. If she has any equities in this property by reason of having paid purchase-money out of her own separate estate, such equities are not affected by this action. As before said, it is a question as between plaintiff and defendant, and if the plaintiff has proved that he was the holder of the legal title to this

lot, that defendant was in possession when the suit was commenced, or that he demanded possession before he brought his suit, he would be entitled to recover, in the absence of any evidence by the defendant that his possession was lawful.

"6. If after the suit was commenced, the plaintiff leased the lot to defendant, and the latter agreed, by this lease, to deliver up the possession on a particular day, if he failed on that day to deliver up the possession, the defendant would be entitled to recover upon the original demand made by him before the suit was brought."

We are of the opinion that these instructions, taken together with reference to the evidence, were not erroneous; but, however this may be, the evidence is so clearly and conclusively with the plaintiff below, that they could not have done, and did not do, any injury to the defendant below.

The jury found as they were bound to do from the evidence.

The judgment is affirmed, at the costs of appellant.

*E. P. Ferris* and *H. T. Lipperd,* for appellant.

*W. D. Ward, J. O. Cravens,* and *J. R. Troxell,* for appellee.