FAIRBANKS ET AL. v. IRWIN.

1. CHALLENGE OF JURORS FOR CAUSE.— That a person called as a juror is acquainted with the attorney of one of the parties to the suit, and had employed him at one time to do certain legal business, is not sufficient ground upon which to base a challenge for cause.
2. WHEN DEFENDANT ENTITLED TO OPEN AND CLOSE.— Where the only defense pleaded consists of affirmative averments of new matter, the burden of the issue rests upon the defendant, and he is entitled to open and close the evidence and argument at the trial.

*Appeal from District Court of Lake County.*

THIS was an action brought by Horace Fairbanks and others, plaintiffs, as payees of certain promissory notes executed by the defendant, Irwin. The defendant pleaded specially and circumstantially to the effect that the notes were given for the price of a certain brick-making machine sold by plaintiffs to defendant; that the machine was warranted to do good work; that it did not do good work, and that the consideration of the notes had failed by reason of a breach of such warranty. The verdict and judgment were for defendant, and the plaintiffs bring this appeal.

Mr. W. J. WEEBER, for appellants.

Mr. N. ROLLINS, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The first assignment of error relating to the demurrer to plaintiffs' replication was withdrawn upon the oral argument before this court.

One C. A. Jones was called as a juror. Being examined upon his *voir dire*, it appeared that he was acquainted with defendant's attorney, whom he had employed at one time to do certain legal business. This was not sufficient ground upon which to base a challenge for cause, and the court did not err in overruling such challenge. Code, § 182.

Failure of consideration of the notes sued on was the only

defense pleaded in the action. The defense consisted of affirmative averments of new matter, and under it the burden of the issue rested upon the defendant. In such case it was not error to allow defendant to open and close with the evidence and argument at the trial. Code, § 187; Gen. Stats. 1883, § 110; *Patterson v. Gile*, 1 Colo. 200; *Munro v. King*, 3 Colo. 238.

That Craycroft was the agent of plaintiffs sent to test the brick-machine sold to defendant with a guaranty was positively proved by a certain deposition read in evidence in behalf of plaintiffs at the trial; so the objection to the competency of certain testimony given by defendant to show such agency becomes immaterial.

The remaining assignments of error relate to the evidence and instructions. Upon examination, we are of opinion that they do not require special discussion in this opinion. The evidence appears to have been properly received and submitted to the jury under appropriate instructions. . The verdict cannot properly be disturbed. The judgment of the district court is affirmed.

*Affirmed.*