TROWBRIDGE ET AL. v. ADDOMS.

1. DEEDS—REVENUE STAMP.
The absence of a revenue stamp from a deed executed in 1867 does not render the deed invalid or inadmissible in evidence.

2. SAME—RECORD—EVIDENCE.
A copy of the record of a deed which was not properly acknowledged is not admissible in evidence.

3. SAME—ACKNOWLEDGMENT.
There was no law in 1867 providing for proof of the execution of a deed to land in Colorado by acknowledgment taken without the United States.

4. CONTRACTS.
One who has agreed to purchase real estate on which there is repre-

sented to be a specified incumbrance, is not required to accept a deed to the land subject to an incumbrance substantially different and more onerous than that described in the contract.

*Error to the District Court of Arapahoe County.*

THIS is a suit to enforce specific performance of a contract in relation to certain real property. From the pleadings and agreed statement of facts upon which the cause was submitted to the court below, it appears that on the 6th day of February, 1893, the plaintiffs, Trowbridge and Hinckley, and the defendant Addoms, entered into a written contract whereby plaintiffs agreed to sell and convey, by warranty deed, a good and sufficient title to lots 7 and 8, in block 142, in the east division of the city of Denver, subject only to a certain deed of trust securing payment of a promissory note of $16,000, payable on or before October 1, 1893, with interest at the rate of 8 per cent per annum. In consideration of this conveyance, the defendant agreed to sell and convey certain real estate situate in the city of Cheyenne, Laramie county, Wyoming, and to pay $3,000 in cash upon delivery of plaintiff's deed. Both parties agreed to furnish abstracts showing a good title to their respective properties, with the exception above stated, and to deliver warranty deeds within ten days from date of contract. The contract, *inter alia*, provided:

" In case said titles of either of said properties are not good as herein provided, or the representations herein made are not correct, then at the election of the other party, this agreement may be declared null and void."

On the 15th day of February, 1893, the plaintiffs furnished abstract of title, and tendered to defendant a warranty deed to the Denver property, which defendant declined and refused to accept. On February 17, defendant served notice upon plaintiffs that he had elected to, and did, declare the said contract void, because the title to the property agreed to be conveyed by plaintiffs was not good, and because the representations made by them in the written contract were not correct.

It further appears that at the time the agreement was signed, the note of $16,000 secured by the deed of trust on the Denver property was drawing ten per cent interest per annum, and was long past due; but on the 15th day of February an endorsement was made on the note, making the same payable on or before October 1, 1893, with interest until maturity at eight per cent per annum, and ten per cent thereafter. The interest due thereon was paid up to that date.

It was agreed that the chain of plaintiffs' title was completely shown by proper record evidence, except as to the record of the deed appearing in book 15, p. 128, purporting to be the record of a quitclaim deed from C. R. Cheesman and Louisa H. Cheesman to Rollin Wheeler, dated May 11, 1867, and recorded May 27, 1867, and purporting to convey said Denver property from grantors who then had title to a grantee from whom title is derived by plaintiffs, by mesne conveyances. It was admitted that this record, if competent evidence, would establish a complete chain of title to said Denver property in plaintiffs. The acknowledgment of this deed was taken in the province of Canada, Missisquoi county, and certified by F. G. Johnson, judge of the circuit court in and for said county. Upon the margin of the record of said deed were written in blue lead pencil the words "No stamp;" the remainder of said deed being written in ink, and there being no evidence that the original deed had any revenue stamp attached.

The offer of this record in evidence was rejected, upon objection of defendant, as incompetent because of absence of revenue stamp, and because the acknowledgment was defective, there being then no law providing for such acknowledgment. Thereupon, on motion of defendant, nonsuit was granted and judgment rendered dismissing plaintiffs' complaint. To review this judgment, plaintiffs bring the case here on error.

Messrs. TROWBRIDGE & HINCKLEY, *pro se.*

Mr. W. C. KINGSLEY, for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

The errors assigned upon this record present for our consideration the correctness of the action of the court below in rejecting the record of the deed in question, and in granting defendant's motion for nonsuit. The grounds upon which the objection to the introduction of the record were based were the want of a revenue stamp and the defective acknowledgment of the deed. In argument a further ground is relied on, to wit, the failure to lay the proper foundation for the introduction of the record, required by section 447, Mills' Ann. Stats. The first ground of the objection, based upon the fact that there was no revenue stamp affixed to the deed, was not well taken. Assuming that the mere notation in the margin of the record was sufficient to show the want of such stamp, nevertheless the deed was not invalidated thereby, nor rendered inadmissible in evidence. To render the deed void as a conveyance under the terms of the U. S. Statute of 1866 relating to stamps upon written instruments, it was incumbent upon the party questioning its validity to show that the stamp had been omitted with intent to evade the provisions of the act. In the case of *Green v. Holway*, 101 Mass. 243, the court had under consideration the provisions of this act; and after noticing the prior acts upon the subject, and the changes and modifications thereof that had been made by the latter statute, held that it was not the intent or purpose of that act to render unstamped deeds and instruments which passed title absolutely void, and said:

" The only reasonable construction of all these provisions, taken together, is, that an instrument not duly stamped at first is not by reason thereof absolutely void, but only voidable by proof that the stamp was omitted with intent to defraud the revenue." *Patterson v. Gile*, 1 Colo. 200.

In the case of *Carpenter v. Snelling*, 97 Mass. 452, it was held that section 163, which enacted that no deed, instru-

ment, etc., required by law to be stamped, should be recorded
or admitted in evidence without being duly stamped, applied
only to courts of the United States, and could not be con-
strued to extend to or bind the state courts. To the same
effect are *Griffin v. Ranney*, 35 Conn. 239; *Craig v. Dim-
ock*, 47 Ill. 308; *Bunker v. Green*, 48 Ill. 243; *U. S. Express
Co. v. Haines*, 48 Ill. 248.

In *Patterson v. Gile, supra*, it was held that section 163
was controlling upon the courts of the then territory. The
court say:

" As a territory, we derive our political existence and every
political right and privilege that we enjoy from the general
government, and therefore we cannot deny the power of that
government to legislate upon this subject in this way, as did
the supreme courts of Illinois and Massachusetts. * * * We
recognize the power of the congress to enact this law, and,
according to the one hundred and sixty-third section of the
act, we will require every instrument to be stamped accord-
ing to the provisions of the act."

The reason assigned for the conclusion reached in that
case has ceased to exist, and we feel at liberty, under present
conditions, to follow the rule sanctioned by the weight of
authority. Our conclusion is, that the absence of a revenue
stamp from the deed did not, *ipso facto*, render it invalid, or
inadmissible in evidence.

The other grounds of objection are more serious. Counsel
concede that at the time the deed purports to have been
acknowledged there was no statute providing for the proof of
the execution of a deed conveying land in this territory by
acknowledgment taken outside of the United States. This
certificate of acknowledgment is therefore a nullity, and
affords no proof of the execution of the deed. And unless
its execution was otherwise proved, the deed itself, if pro-
duced, would have been inadmissible in evidence; conse-
quently the record thereof was inadmissible for the same
reason, even if the foundation had been laid for its introduc-
tion, as required by section 447, Mills' Ann. Stats.

For the foregoing reasons, the court properly sustained the objection to the introduction of the record of the deed in evidence. It further appeared that the representation in the written contract, with reference to the incumbrance upon the Denver property, was not true in two important particulars, to wit: The note, instead of being payable October 1, 1893, was payable January 4, 1891, and was at the time the agreement was entered into more than two years overdue; and instead of drawing interest at the rate of 8 per cent per annum, as therein represented, drew interest at the rate of 10 per cent. Nor do we think that the subsequent endorsement of the note, extending the time of payment and reducing the interest to 8 per cent until that time (and 10 per cent thereafter), brought the incumbrance within the terms of the agreement.

We think, under all the circumstances disclosed by the record, the court below properly sustained the motion for nonsuit, and dismissed the action at plaintiff's cost. Its judgment is therefore affirmed.

*Affirmed.*