## JOHN CASSIDY *vs.* PETER ST. GERMAIN.

### PROVIDENCE—APRIL 18, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *U. S. Internal Revenue Act  Evidence.  Garnishment.  Assignment of Wages.*

In an action of assumpsit the personal estate of the defendant was attached in the hands of a third party as garnishee. At the trial an assignee of the wages of the defendant intervened and claimed the fund under the assignment. The assignment was in the usual form and had been recorded prior to the attachment, but no revenue stamp had been attached.

At the trial the plaintiff objected to the assignment being offered in evidence, claiming that under sections 13, 14, and 15 of the war revenue act of 1898 it was invalid, could not be used in evidence, and, having been recorded contrary to the provisions of said act, had not been legally recorded. The assignment was admitted in evidence, and upon exceptions to said ruling :—

*Held,* that as there was nothing to show that the stamp had been omitted with intent to evade the provisions of the act, the assignment was not invalid.

*Held,* further, that the act affected the use of the instrument as evidence only in the courts of the United States.

*Semble,* as the power of attorney contained in the assignment was not necessary to the title of the assignee, and the stamp was required only on the power of attorney, it did not affect the validity of the assignment.

ASSUMPSIT on book-account. The facts were these. The personal estate of the defendant was attached in the hands of a third party as garnishee. At the trial an assignee of the wages of the defendant intervened and claimed the fund under the assignment. The assignment was in the usual form and had been recorded prior to the attachment, but no revenue stamp had been affixed. At the trial the plaintiff objected to the assignment being offered in evidence, claiming that under sections 13, 14, and 15 of the war revenue act of 1898 it was invalid, could not be used in evidence, and, having been recorded contrary to the provisions of said act, had not been legally recorded. The assignment was admitted, and plaintiff excepted. Heard on exceptions, and exceptions overruled.

(1)  PER CURIAM. The United States internal revenue law of 1898 declares invalid and of no effect instruments from which

stamps have been omitted with intent to evade the provisions of the act. There being nothing to show such intent in this case, the assignment in question was not shown to be invalid on that account. An exception was taken on the admissibility of the assignment in evidence, because of the omission of a stamp. Under the revenue law of 1866, which is similar in this respect to the present law, it was held that the act affected the use of the document as evidence only in the courts of the United States, and not in State courts. *Carpenter* v. *Snelling*, 97 Mass. 452 ; *Greene* v. *Holway*, 101 Mass. 243 ; *Moore* v. *Quirk*, 105 Mass. 49 ; *Griffin* v. *Ranney*, 35 Conn. 239. Such also was the practice in this State under the revenue law of 1866.

The stamp was required only on the power of attorney which was embodied in this assignment, but as the power of attorney was not necessary to the title of the claimant, it did not affect the validity of the assignment. There was no error in the admission of the assignment as evidence, and the exception is overruled.

The case is remitted to the District Court of the Fourth Judicial District.

*George E. Hasie and P. H. Quinn*, for plaintiff.
*Job S. Carpenter*, for claimant of fund.