IRENE A. WADE, and another, *vs.* JOHN S. FOSS.

Androscoggin.    Opinion March 3, 1902.

*Bills & Notes.  Stamps.  War Rev. Law, 1898, §§ 13, 14.*

The statute of the United States requires a stamp upon promissory notes, and provides that, unless stamped, they shall not be admissible in evidence in any court.

*Held;* that this provision applies only to courts of the United States, and has no application to state courts.

Rules of evidence in the latter courts are governed by the laws of the state, and not subject to control by Congress. An unstamped note cannot, for that cause, be excluded as evidence on a trial in a court of this state.

See *Wade* v. *Curtis*, post.

Exceptions by plaintiffs.    Sustained.

Action on a promissory note, not having an internal revenue stamp.

*Tascus Atwood,* for plaintiff.

*D. J. McGillicuddy* and *F. A. Morey,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, JJ.

STROUT, J.   Assumpsit upon a promissory note bearing date June 17, 1899.   Its admissibility was objected to because it was not stamped, as required by c. 448 of the statutes of the United States of 1898.   The objection was sustained and the note excluded.   To this ruling the plaintiff excepted.   The act required notes of hand to be stamped, and by § 13, it was provided that if any person issued any instrument without stamp which the act required to be stamped, "with intent to evade the provisions of this act," he was guilty of a misdemeanor, for which a penalty was prescribed, "and such instrument . . . not being stamped according to law shall be deemed invalid and of no effect."   It will be noticed that the invalidity results only where the "intention to evade" exists, and

does not extend to cases where the omission to stamp arose from accident or mistake. It is provided, however, in the same section, that subsequently, by paying a penalty of ten dollars the instrument may be stamped, even if the stamp was omitted with intent to evade, and if there was no such intent, then without paying the penalty, in which case the instrument became "as valid, to all intents and purposes, as if stamped when made or issued." Taking the whole section together, the phrase "such instrument" is confined to that issued "with intent to evade." Even these are not made absolutely void, but voidable. *Wingert* v. *Zeigler*, 91 Md. 318, 80 Am. St. Rep. 453. In *Green* v. *Holway*, 101 Mass. 243, 3 Am. Rep. 339, a case under the statute of 1866, which contained substantially the same language, this construction was adopted. Under the act of March 3, 1865, which contained similar language, this court held that to declare the instrument void, there must be an intent to evade the law, and that such intent must be affirmatively shown. *Dudley* v. *Wells*, 55 Maine, 145. It is not shown in this case.

Section 14 of the act of 1898 provides that no unstamped paper, which the law requires to be stamped "shall be recorded or admitted or used as evidence in any court" until properly stamped. Although this language is broad, and might include all courts, yet when it is considered that the powers of the United States are given and limited by the constitution, and that all powers not granted by it to the general government, nor by it withheld from the states, reside in the states, and that each within its sphere, is supreme, it follows logically that in the administration of justice in a state, in its own courts and and under its laws, not in conflict with the legitimate authority of the general government, the rules of evidence in such courts are derived from and subject to the law of the state, and not within the authority or control of Congress. *Walker* v. *Saurinet*, 92 U. S. 92; *Presser* v. *Illinois*, 116 U. S. 269.

It cannot be conceded that Congress had authority to exclude as evidence in a State court that which by the laws of the state was admissible. Under our law the note was admissible, whether stamped or not. The maker might be liable to the penalty provided in the act of 1898, if he intended to evade the statute, but the contract, as

evidenced by the note, was a valid contract in this state, and provable as such.

It cannot be presumed that Congress intended to infringe upon the right of the state in its courts. It must have intended the provision excluding unstamped contracts from admission as evidence to apply only to the courts of the United States, over which it had undoubted jurisdiction. It has been so held in many states. *Carpenter* v. *Snelling,* 97 Mass. 452; *Green* v. *Holway,* 101 Mass. 243, 3 Am. Rep. 339; *Moore* v. *Quirk,* 105 Mass. 49, 7 Am. Rep. 499; *People* v. *Gates,* 43 N. Y. 44; *Clemens* v. *Conrad,* 19 Mich. 170; *Craig* v. *Dimock,* 47 Ill. 308, 95 Am. Dec. 489; *Wingert* v. *Zeigler,* 91 Md. 318, 80 Am. St. Rep. 453; *Sammons* v. *Holloway,* 21 Mich. 162, 4 Am. Rep. 465; *Insurance Co.* v. *Estes,* 106 Tenn. 472, 82 Am. St. Rep. 892; *Bumpass* v. *Taggart,* 26 Ark. 398, 7 Am. Rep. 623; *Davis* v. *Richardson,* 45 Miss. 499, 7 Am. Rep. 732; *Griffin* v. *Ranney,* 35 Conn. 239; *Wallace* v. *Cravens,* 34 Ind. 534; *Small* v. *Slocumb,* 112 Ga. 279, 81 Am. St. Rep. 50; *Cassidy* v. *St. Germain* 22 R. I. 53, 46 Atl. Rep. 35; *Knox* v. *Rossi,* 48 L. R. A. 305. See also License Tax cases, 5 Wal. 462.

An opposite doctrine is held in *Chartiers & Robinson Turnpike Co.* v. *McNamara,* 72 Penn. St. 278, 13 Am. Rep. 673; *Plessinger* v. *Dupuy,* 25 Ind. 419—overruled by *Wallace* v. *Cravens,* supra; *Edeck* v. *Ranuer,* 2 Johns. 423.

In *Leavitt* v. *Leavitt,* 4 Maine, 16, it was held that an unstamped instrument, which the law of the United States required to be stamped, was inadmissible in evidence, but this case has been practically overruled in this state by *Dudley* v. *Wells* and *Sawyer* v. *Parker,* supra. The overwhelming weight of authority and the more satisfactory reasoning is in accord with the construction we adopt.

In *Clemens* v. *Conrad,* supra, it is said by Chief Justice Cooley,— "Of the authority in Congress to impose stamp duties, and to compel their payment by such penalties as the wisdom of that body may devise, we make not the least question." "To make an instrument inadmissible in evidence because not sufficiently stamped is, however, quite a different thing from imposing penalties for a breach of the revenue laws. The latter punishes the guilty party or compels him

to perform his duty to the government; the former imposes what may be sometimes equivalent to a forfeiture of rights upon a party, guilty or innocent, who chances to be so circumstanced that he cannot make a showing of his rights in court without the production of the unstamped instrument." "A rule of evidence laid down in general terms is to be understood as applicable to those courts only for which the legislature prescribing it has general power to make rules, and not to other courts not expressly named over which it has no such general power, and with whose proceedings it could interfere, if at all, only in exceptional cases."

An analogous rule of construction is applied to the first ten amendments to the constitution of the United States. In them occur such general expressions as " the right of the people to keep and bear arms," — " the right of the people to be secure in their persons, houses, papers and effects against unreasonable searches " etc.,— "No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury ",— and the right of trial by jury in civil causes. Although broad and general in language, they are held by the supreme court of the United States to have reference only to powers exercised by the Federal government, and not to those exercised by the state. *Eilenbecker* v. *District Court of Plymouth County,* Iowa, 134 U. S. 31 ; *Twitchell* v. *Commonwealth,* 7 Wal. 321; *Spies* v. *Illinois,* 123 U. S. 131.

It results that the note should have been admitted in evidence.

*Exceptions sustained.*