## JESSE MAKAINAI *v.* GOO WAN HOY.

## JESSE MAKAINAI *v.* GOO WAN HOY.

APPEALS FROM DISTRICT MAGISTRATE, HONOLULU.

SUBMITTED JANUARY 8, 1903.     DECIDED FEBRUARY 19, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The War Revenue Tax law of 1898, (30 U. S. St. L. p. 452) being operative in this Territory, it was not error for a District Magistrate to refuse to render judgment on a promissory note not stamped as required by that statute.

OPINION OF THE COURT BY GALBRAITH, J.

The plaintiff commenced separate suits in the District Court of Honolulu on two promissory notes bearing date, January 10, 1901, one due in six and the other in twelve months after date, executed by the defendant and payable to the plaintiff for the sum of $250. The District Magistrate found in one case that the note sued on was not "properly stamped" as required by the

United States Internal Revenue Law of 1898, and in the other the finding was that the note was not "properly stamped" and that the stamps on the note were not "properly cancelled" and gave judgment in each case for the defendant for costs and attorneys' commission. The plaintiff appealed on points of law. The two cases involving the same point were argued and submitted together.

The stamps attached to each of the notes were sufficient in amount but those attached to one note bore cancellation, "Bishop & Co., Jan. 12, 1900," a date almost one year prior to the date of the note, and on the other note the stamps were cancelled by cross mark of pen and ink without date or initials.

It does not appear whether the District Magistrate found that the failure to "properly stamp" and "properly cancel" the stamps was due to an intention to avoid the payment of the tax and defraud the government of the revenue or was an omission arising from carelessness or ignorance, or wether he found that the notes were "invalid and of no effect" under Section 13 or were merely not competent evidence under Section 7 of the Act.

It is contended on behalf of the appellant that the District Magistrate acted on the theory that the notes were incompetent evidence under this Revenue law providing that no instrument not stamped as required by its terms shall be competent evidence in any court and that the rule of evidence thus prescribed does not apply to the State and Territorial Courts but is applicable only to the Federal Courts. On this one proposition the appellant relies to sustain the appeal. In support of this contention the case of *Small v. Slocum*, 37 So. E. 481, is cited, wherein the Supreme Court of Georgia passes upon the same question raised in these cases. In that case the lower court overruled an objection to the admission of a lease in evidence on the ground that it had not been stamped as required by the United States internal revenue law of 1898. In sustaining this ruling the Supreme Court said that the provision of the Act prescribing that an unstamped instrument "shall not be competent evidence in any court," laid down a rule of evidence for the Federal Courts; that Congress had no power to make rules of evidence

for the State Courts and that it did not appear from this Act that it was the intention of Congress to go further on this line than to prohibit unstamped instruments from being admitted as evidence in the Federal Courts; that the Federal Courts derived all their powers from Federal laws and Congress had full and complete power to legislate respecting the procedure in such courts but that as the State Courts derived all of their authority from the State constitution and laws Congress could not prescribe rules of evidence for them. It must be admitted that this decision is supported by the decided weight of authority. *Carpenter v. Smelling,* 97 Mass. 452; *Green v. Holway,* 101 id. 213; *Griffin v. Ronny,* 35 Conn. 239; *Haight v. Grist,* 6 N. C. 739; *Knox v. Rossi,* (Nev.) 48 L. R. A. 305; *Casidy v. St. Germain,* 46 (R. I.) Atl. 35.

It does not follow from this admission, however, that the appellant's contention is correct. His theory entirely overlooks the difference in the relation that the states and their courts and the territories and their courts sustain to the Federal government. The state, being an independent sovereignty within its sphere, makes its own constitution and laws, creates its own courts and fixes their jurisdiction; while a territory, being a political dependency under the absolute control and dominion of Congress, its organic law is made by Congress and its courts and their jurisdiction and procedure is defined by the same power. *First National Bank v. Yankton,* 101 U. S. 129; *Patterson v. Gile,* 1 Colo. 200.

In this last case the Supreme Court of Colorado, in passing on this question, said: "As a territory, we derive our political existence and every political right and privilege that we enjoy from the general government, and therefore we cannot deny the power of that government to legislate upon this subject in this way as did the Supreme Courts of Illinois and Massachusetts." * * * "We recognize the power of Congress to enact this law, and, according to the one hundred and sixty-third section of the act, we will require every instrument to be stamped according to the provisions of the act before it is used as evidence." id. p. 204.

It follows that the contention of appellant cannot be sustained and that the District Magistrate did not err in holding that the U. S. Internal Revenue law of 1898, was in force in this Territory at the time of the execution of said notes in rendering the judgment complained of.

The evidence in the record is so meager that it would be difficult to pass upon the question of "fraudulent intent," discussed at some length in brief of appellee, and since this question was not raised or pressed by appellant we do not feel called upon to pass upon it at this time.

The appeal in each case is dismissed.

*Achi & Johnson* for appellant.

*Holmes & Stanley* and *Joseph H. Knight* for appellee.