## JOHN S. RAPOZO *v.* SAMUEL KELIINOI, DEFENDANT IN ERROR; GARDEN ISLAND MOTORS, LIMITED, GARNISHEE.

### No. 1522.

ERROR TO DISTRICT MAGISTRATE OF LIHUE.

ARGUED APRIL 14, 1924.                    DECIDED APRIL 28, 1924.

PETERS, C. J., PERRY AND LINDSAY, JJ.

UNITED STATES INTERNAL REVENUE—*stamp taxes—validity and admissibility in evidence of unstamped promissory note.*

Absence of revenue stamps does not make a promissory note invalid or inadmissible in evidence under the act of Congress of February 24, 1919 (40 Stat. L. ch. 18, p. 1057, et seq.).

BILLS AND NOTES—*transfer—striking out indorsement.*

Where a promissory note is indorsed by the payee for collection and it subsequently is lawfully returned to his possession he may strike out such indorsement.

SAME—*consideration for modification.*

> Mere part-payment by the maker to the payee as holder of a promissory note of the amount due thereon is not sufficient to support a modification of said note.

OPINION OF THE COURT BY PETERS, C. J.

This is an action by the payee against the maker of a demand promissory note dated May 10, 1920. Upon trial had before the magistrate of the district of Lihue, Kauai County, the action was dismissed upon the grounds (1) that the note upon which the action was brought was not stamped and (2) that said note had been indorsed by the payee to one M. S. Henriques, as the former's attorney and the indorsee thereafter agreed with the maker that the latter might pay said note at the rate of $15 a month until the note was fully paid, in consideration of which the maker paid $15 on account thereof and agreed to pay $15 every subsequent month until the amount of his obligation was discharged. The payee prosecuted error.

There is no local law requiring documentary stamps to be affixed upon promissory notes. We assume that the magistrate had reference to federal stamp taxes. It is true that by section 1100 and paragraph 6, Schedule "A" of section 1107 of the act of Congress of February 24, 1919 (40 Stat. L., ch. 18, pp. 1057, 1133, 1137), it is provided that "there shall be levied, collected and paid * * *" a stamp tax upon "promissory notes, except bank notes issued for circulation, and for each renewal of the same, for a sum not exceeding $100, 2 cents; and for each additional $100 or fractional part thereof, 2 cents," and the note upon which suit was brought being in the sum of $100 a two-cent internal revenue documentary stamp should have been affixed thereto and canceled as provided by the act, but the act of February 24, 1919, contrary to the act of Congress of June 13, 1898 (30 Stat. L., ch.

448, p. 448), wherein by section 14 thereof it was provided that " \* \* \* no instrument, paper, or document required by law to be stamped, which has been signed or issued without being duly stamped, or with a deficient stamp, nor any copy thereof, shall be recorded or admitted or used as evidence in any court until a legal stamp or stamps, denoting the amount of tax, shall have been affixed thereto, as prescribed by law:" and under which this court in the cases of *Makainai* v. *Goo Wan Hoy,* 14 Haw. 607; *Wo Sing & Co.* v. *Kwong Chong Wai,* 16 Haw. 17, and *Bottomley* v. *Hall,* 18 Haw. 412, held that an unstamped note could not be received in evidence until properly stamped, is silent as to the validity or admissibility in evidence of an unstamped promissory note.

Since the Revenue Act of June 13, 1898, and prior to May 10, 1920, the Congress of the United States passed two acts to increase the internal revenue—the act of October 22, 1914 (38 Stat. L., 745), and the act of February 24, 1919, heretofore referred to as applicable to the note in the instant case, and while both acts make provision for stamp taxes and provide penalties for the failure to affix the necessary stamps to documents, including promissory notes, in neither is there any provision, similarly as in the Revenue Act of 1898, that the absence of a stamp as required by law rendered the document subject thereto invalid or inadmissible as evidence. The omission of such provision indicates that Congress did not intend to attach such a penalty to the failure to properly stamp a promissory note. The same question arose in *Cole* v. *Ralph,* 252 U. S. 286. In that case certain deeds were unstamped as required by section 22, Schedule "A" of the act of Congress of October 22, 1914, and the court said (p. 293): "As to the absence of revenue stamps, it is true that the deeds showing title in some

of the plaintiffs—they were produced in evidence over the defendant's objection—were without the stamps required by the Act of October 22, 1914, c. 331, sec. 22, Schedule A, 38 Stat. 762. But this neither invalidated the deeds nor made them inadmissible as evidence. The relevant provisions of that act, while otherwise following the language of earlier acts, do not contain the words of those acts which made such an instrument invalid and inadmissible as evidence while not properly stamped. Those words were carefully omitted as will be seen by contrasting secs. 6, 11, 12 and 13 of the Act of 1914 with secs. 7, 13, 14 and 15 of the Act of 1898, c. 448, 30 Stat. 454. From this and a comparison of the acts in other particulars it is apparent that Congress in the later act departed from its prior practice of making such instruments invalid or inadmissible as evidence while remaining unstamped and elected to rely upon other means of enforcing this stamp provision, such as the imposition of money penalties, fines and imprisonment. The decisions upon which the defendant relies arose under the earlier acts and were based upon the presence in them of what studiously was omitted from the later one."

The act of Congress of February 24, 1919, contains no provision invalidating a note or making the same inadmissible in evidence in the absence of stamps as required by the act. The magistrate apparently assumed that the Revenue Act of February 24, 1919, contained the same provisions in respect to unstamped promissory notes as the act of 1898 and that the former decisions of this court, heretofore cited, were applicable. In this he was in error. The validity of the note was not affected by the absence of the stamp required by law nor was it inadmissible in evidence by reason thereof.

The evidence taken before the magistrate, although extremely brief and apparently not recorded by the

magistrate as fully as it might have been, showed that the defendant made the note sued on; that the note was indorsed for collection by the payee to one M. S. Henriques and subsequently redelivered to the payee and the indorsement defaced by order of the latter; that at the time the action was instituted the plaintiff-payee was the owner and holder thereof and that neither principal nor interest on account of such note had been paid the defendant except the sum of $15 paid on November 10, 1923. The alleged modification of the note does not appear from the record at all but by a letter of the magistrate to the court dated April 4, 1924, after the record on appeal was filed in this court. This practice of supplementing the record in this way is not to be encouraged, but inasmuch as the result is the same the statement in the letter concerning this modification will be considered.

In this regard the magistrate wrote: "* * * the note was endorsed by John S. Rapoza to one M. S. Henriques as his Attorney and that the said M. S. Henriques had special arrangements for the payment of said note, to wit: at the rate of $15 per month until the note was fully paid; this arrangement having been made with the said Samuel Keliinoi, and on the strength of said arrangement the said Samuel Keliinoi paid $15 on account as first payment, and agreed to pay $15 every subsequent month until the amount of his obligation was discharged. I am writing this letter for the reason that in the records which have been sent to your honorable court there was nothing to show why I decided in favor of the defendant."

The indorsement to Henriques was simply for the purpose of collection. The production of the note by the plaintiff at the trial was *prima facie* proof of ownership. (8 C. J. title "Bills and Notes," Sec. 1309, p. 1003.) In the absence of evidence to the contrary we must therefore

assume that subsequent to the indorsement and prior to filing the action the note lawfully came again into the possession of the plaintiff-payee. That the note bore no reindorsement by Henriques to plaintiff is immaterial. Henriques, as an agent for collection by reason of the indorsement, never acquired any title for his own account as against the plaintiff-payee. Upon resuming lawful possession of the note it was entirely regular for the plaintiff as payee to strike out the indorsement and proceed upon the note in his own name. The defaced indorsement was not necessary to his title. (Sec. 3498, R. L. 1915; 8 C. J. title "Bills and Notes" Sec. 554, p. 372; *Reading* v. *Beardsley,* 1 N. W. (Mich.) 965.)

Assuming but not deciding that the agent Henriques had authority so to do, we are of the opinion that the terms of the note were never legally modified. The modification of a contract, similarly as the contract itself, must be supported by a consideration. The note was payable on demand. On November 10, 1923, when it is alleged the terms of the note were modified and the maker paid $15 on account thereof, the payee or holder was entitled to have and receive from the maker the full amount of the note and interest accrued. The record fails to disclose any consideration either good or valuable paid or moving to the payee or holder to forbear the collection of the full amount of the note and interest and accept in lieu thereof part-payment of $15 and equal monthly instalments thereafter of like amount. Mere part-payment by the maker to the payee or holder of a promissory note of the amount already due thereon is not sufficient consideration to support a modification of the note. The statement as sent us by the magistrate nowhere discloses any consideration for such modification. The burden of proof of such modification rested upon the party claiming it—in this case the defendant-maker. Such

burden included the burden of showing a consideration therefor. In the absence of such proof we must assume there was no consideration.

Concluding as we do that the note in the absence of United States internal revenue stamps was not thereby rendered invalid nor inadmissible in evidence; that the note sued upon had not been modified and that the plaintiff made out a *prima facie* case, the judgment of the magistrate should have been for the plaintiff. The judgment for defendant is therefore reversed and the cause remanded with instructions to said magistrate to enter judgment for plaintiff and against the defendant for the amount of the note with interest, less the sum of $15 with corresponding interest thereon from the date of payment.

*E. K. Aiu* (*S. K. Kaeo* with him on the briefs) for plaintiff in error.

*W. C. Achi* (also on the brief) for defendant in error.